ROSINA KUHN *v.* MAT. SPELLACY *et als.,* and J. F. SHIELDS *v.* MAT. SPELLACY *et al.*

REPLEVIN BOND. *Judgment thereon.* A replevin bond, conditioned in the sum of $2,000 " to produce the property, if demanded, in as good condition as it then was, and deliver it to the proper officer of the court," will be regarded as a bond in double the value of the property, conditioned to pay its value and interest in the event defendant be cast in the suit, and the proper judgment thereon is for the penalty of the bond, which may be satisfied by the delivery of the property or payment of its value.

### FROM HAMILTON.

Appeal from the Chancery Court at Chattanooga. W. M. BRADFORD, Ch.

KEY & RICHMOND and R. M. BARTON for complainants.

P. A. BRAWNER for Defendants.

McFARLAND, J., delivered the opinion of the court.

On the 26th of October, 1876, Rosina Kuhn filed her attachment bill against M. Spellacy, and attached certain personal property, whereupon J. F. Shields executed his bond in the sum of $3,000, conditioned to deliver the property to the proper officer of the court when so ordered, and the property was by the sheriff surrendered to him.

On the 6th of January, 1877, said Shields filed his bill in the same court against said Spellacy and others, alleging that said property had been taken out of his possession by the connivance of Spellacy, and setting up also other claims against said Spellacy, and prayed for an attachment, which was issued and levied upon certain personal property (part of the same previously attached). Thereupon said Spellacy executed a replevin bond, with P. McNamara and D. Kirkpatrick as sureties, in the sum of $2,000, conditioned that said Spellacy should produce the property, if demanded in as good condition as it then was, and deliver it to the proper officer of the court. The causes were heard together, and a decree rendered in favor of Rosina Kuhn for the amount of her debt against Spellacy ($1,615.15) and costs, and also against Shields upon his aforesaid bond, he admitting in open court that he could not return the property. At the same time the Chancellor rendered a decree in favor of Shields upon his bill for a like sum against Spellacy, and against his sureties upon his replevin bond, which sum, if collected, to be applied to the decree

in favor of Mrs. Kuhn against Spellacy and Shields. It is provided that Spellacy and his sureties on the replevin bond may satisfy the decree against them by a return of the property attached within twenty days. The case is before us upon the writ of error of D. Kirkpatrick, one of the sureties upon the replevin bond of Spellacy. It is clear he cannot assign errors in the decrees against his principal, Spellacy. The latter having submitted to the decrees, they cannot be reviewed in this mode. We cannot, therefore, inquire whether the proper decree was rendered against Spellacy and Shields in the first case, or against Spellacy in the last case. The only question is whether, assuming the decrees against Spellacy to be correct, the proper decree was rendered upon the bond upon which Kirkpatrick was surety. The bond is not strictly a statutory bond, that is, it is not in terms, either in double the amount of the plaintiff's demand, conditioned to pay the same, or in double the value of the property attached conditioned to pay its value, in the event he be cast in the suit as provided by sec. 3509, but its condition being to account for the property, it should be regarded as falling under the latter class, that is a bond in double the value of the property attached, conditioned to pay its value and interest in the event the defendant be cast in the suit. The proper judgment on this bond, as prescribed by sec. 3514, was a judgment for the penalty of the bond, which may be satisfied by the delivery of the property or its value. The judgment rendered was for less than the penalty of the bond, and cannot be com-

Kuhn *v.* Spellacy.

plained of on this ground.   It gives the defendant the right to satisfy the judgment by the return of the property, but does not in terms give him the right to satisfy it by paying the value of the property.   In this last respect the judgment is complained of.   There was nothing to show the value of the property—no inquiry or reference on this subject moved for.   Spellacy or his surety would have the right to satisfy the judgment on the bond by a return of the property or its value.   If the decree of the Chancellor had followed literally the statute, and given to the defendants the right to satisfy the judgment by a return of the property or its value, then if they desired to satisfy it by paying the value of the property, the sheriff would probably not be authorized to accept any other sum as the value of the property than the sum fixed by the clerk as its value in taking the bond.   This would be *prima facie* its value, but not conclusive upon either party, as we have held. The bond in the present case does not in terms show what sum was fixed as the value of the property, it shows that it was taken in the sum of $2,000, being the amount agreed upon by complainant, and as we have seen the condition was to deliver the property, we think it may be fairly taken that by consent the property was valued at $1,000.   Now as we have seen that the statute provides that the court may enter up judgment for the penalty of the bond, which may be satisfied by a return of the property or its value, the question arises whether the right to so satisfy the judgment does not accrue to the defendant by the

force of the statute itself without its being formally entered in the judgment? We should be inclined to so hold, that is, that this judgment might have been satisfied by the payment of $1,000 and interest as the value of the property. We do not hold that the defendant is precluded by this sum, but *prima facie* it is the amount. He might have moved for a reference to ascertain its value, and may still have this relief, but there was no necessity to appeal to this court to obtain this relief. The attention of the court below. was not called to it.

The decree will be affirmed, and the defendant may have this reference if, he desires it, but will pay the costs of this court.

On petition to rehear MCFARLAND, J., delivered the following opinion:

It is insisted that the bond of Spellacy, with Kirkpatrick as surety, is not a statutory bond under sec. 3509 of the Code, and strictly it is not, but such bonds are, by sec. 3512, expressly made subject to the rules prescribed by secs. 773 and 774 of the Code, and the obligors are subject to the remedies given upon strictly statutory bonds. If the bond in question should be construed as a common law bond for the forthcoming of the property, the result would be that the property would be regarded as in *custodia legis*, not subject to other levies, and if its return become impossible by the act of God, the obligors would be released. *Mosely* v. *Baker*, 2 Sneed, 369; *Green* v. *Smith*, 4 Col. We are of opinion that the bond

Kuhn *v.* Spellacy.

should be regarded as standing in the place of the statutory bond, and subject to the same remedies, as this does not violate its terms and conditions. It is further evident that it was not intended as a forthcoming bond simply, as it shows that it was executed because the defendant Spellacy desired "to replevy the property." But in either event, whether it be regarded as a statutory or common law bond, it cannot be construed as a bond for the payment of the debt, as it contains no such conditions. This is not in conflict with the case of *Barry* v. *Frazier*, 10 Heis., 206, as the bond in that case was construed to be a bond in double the plaintiff's demand, conditioned to pay the same, and its terms justified this construction. The obligors of the bond, by its very terms, had the right to discharge it by returning the property in as good condition as it was at the time it was replevied, and to return in the place of the property its value with interest would be equally just to the complainant. This is the provision of the statute as to statutory bonds, and we think this bond is subject to the same rule. The difficulty of showing the value of the property, or the imperfect and indefinite terms of the levy ought not to operate in favor of one party more than the other.

The application to modify is refused.